UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x
JANE DOE, MICHAL DOE, KARA DOE, AND
MARK GOTTLIEB,

                                        Plaintiffs,

             -against-

NICOLE DAEDONE, RACHEL CHERWITZ,
RACHAEL HEMSI, ANJULI AYER, AUSTIN AYER,
AMANDA DUNHAM AND ONETASTE, INC.,

                                Defendants.        x
-------------------------------------------------------------------------

**OPINION & ORDER**

24-CV-4434
(Garaufis, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

Plaintiffs Jane Doe, Michal Doe, and Kara Doe (collectively, "Doe Plaintiffs") and Mark Gottlieb (together, "Plaintiffs") commenced this action against Defendants Nicole Daedone, Rachel Cherwitz, Rachael Hemsi, Anjuli Ayer, Austin Ayer, Amanda Dunham, and OneTaste, Inc. for alleged violations of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1589 *et seq.* ("TVPRA"). *See* Dkt. No. 1 ¶¶ 1, 243-274.

Currently pending before this Court is Plaintiffs' *ex parte* motion for a protective order permitting Doe Plaintiffs to proceed pseudonymously in this case. *See* Dkt. No. 9.

At this stage in the litigation, the Court concludes that Doe Plaintiffs' interest in anonymity outweighs any prejudice to Defendants and any interest of the public in knowing Doe Plaintiffs' identities, and therefore, the Court grants Plaintiffs' motion for a protective order.[1] As discussed further below, however, the Court reserves its right to reconsider this order should it receive objections within 30 days of Defendants being served with the Summons and Complaint.

---

[1] "A motion for a protective order and to proceed under a pseudonym is a non-dispositive pre-trial motion within a magistrate judge's jurisdiction." *Does 1-2 v. Hochul*, No. 21-CV-5067 (AMD) (TAM), 2022 WL 836990, at *1 n.1 (E.D.N.Y. Mar. 18, 2022 (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)); *see also* Loc. Civ. R. 72.1.

I.      **Background**

    A.      **Factual Allegations**

Plaintiffs are former members of Defendant OneTaste, an alleged "sexuality-focused wellness education company," with its principal place of business in San Francisco, California. Dkt. No. 1 ¶¶ 12, 18. Defendant Daedone is the founder and former chief executive officer of OneTaste, Defendant Cherwitz is the former head of sales, and Defendant Hemsi is the former director of regional sales.[2] *Id.* ¶¶ 12-14. Cherwitz and Hemsi were part of Daedone's "Inner Circle," and managed the day-to-day affairs of OneTaste, including collecting tuition and other fees from members, leading and teaching courses, and enforcing OneTaste's rules. *Id.* ¶¶ 12-14, 27.

The crux of Plaintiffs' complaint is that Defendants committed sex trafficking, forced labor, and human trafficking violations in the course of operating OneTaste. *Id.* ¶¶ 243-274. While members of OneTaste, Plaintiffs contend that they were subjected to "economic, sexual, emotional[,] and psychological abuse; surveillance; indoctrination[;] and intimidation" at the hands of Defendants. *Id.* ¶¶ 24, 29. Specifically, Plaintiffs allege that they and other members were forced to "engage in commercial sex acts as part of their employment" and forced to perform labor and other services without compensation, including physical labor, recruiting new members, preparing for events, participating in courses, cooking, and cleaning. *Id.* ¶¶ 24, 38. If a member spoke up against Defendants' actions or declined to participate in sex acts, Plaintiffs claim that Defendants "chastised, humiliated, embarrassed[,] and withheld [their] pay." *Id.* ¶¶ 40, 52.

---

[2] Defendants Anjuli Ayer, Austin Ayer, and Amanda Durham are the current owners of OneTaste, having purchased the company from Daedone in 2017. *See* Dkt. No. 1 ¶¶ 15-17.

### B. Procedural History

Plaintiffs filed a complaint against Defendants on June 21, 2024, alleging violations of: (1) forced labor, in violation of 18 U.S.C. § 1589; (2) conspiracy to obtain forced labor, in violation of 18 U.S.C. §§ 1589, 1594; (3) trafficking with respect to forced labor, in violation of 18 U.S.C. § 1590; (4) conspiracy to traffic with respect to forced labor, in violation of 18 U.S.C. §§ 1590, 1594; (5) sex trafficking by force, fraud, or coercion, in violation of 18 U.S.C. § 1591; and (6) conspiracy to commit sex trafficking by force, fraud, or coercion, in violation of 18 U.S.C. §§ 1591, 1594. *See* Dkt. No. 1. Plaintiffs seek compensatory damages, punitive damages, attorneys' fees, and costs. *Id.* at 56.

Plaintiffs are identified in the complaint as "Jane Doe, Michal Doe, Kara Doe, and Mark Gottlieb." *Id.* ¶¶ 8-11. On June 26, 2024, summonses were issued against Defendants. Dkt. Nos. 6, 7. On June 26, 2024, the Court entered the following order:

> ORDER: Plaintiffs commenced this action proceeding pseudonymously against Defendants without seeking the Court's approval. See Dkt. No. 1. Accordingly, Plaintiffs are directed to file an amended complaint wherein Plaintiffs are identified by their full legal names by July 3, 2024. Alternatively, Plaintiffs may file a motion to file the complaint under seal and/or proceed via pseudonym or initials, accompanied by a memorandum of law that provides the legal and factual basis for such relief. The memorandum of law--like any other document--may not be filed under seal in its entirety, but if necessary, a public, redacted version may be filed simultaneously with an under-seal, unredacted version. As with any redactions or sealed filing, the relief request must be narrowly tailored and specific. *See, e.g.,* *DXC Tech. Co. v. Hewlett Packard Enter. Co.*, No. 19-CV-7954, 2019 WL 4621938, at *2 (S.D.N.Y. Sept. 11, 2019).
>
> The Clerk of Court is directed to vacate the summonses that were issued. See Dkt. Nos. 6, 8. The parties are reminded to comply with all applicable Federal and Local Civil Rules.

June 26, 2024 Dk. Order.

On June 27, 2024, Doe Plaintiffs filed the instant *ex parte* motion for a protective order permitting them to proceed in this litigation pseudonymously and ordering the parties not to

publicly identify them by their real names in filed documents or elsewhere. *See* Dkt. No. 9-1 at

5.[3]  Plaintiffs contend that *ex parte* relief is warranted to protect Doe Plaintiffs "from the threat of

embarrassment, harassment and retaliation while the Defendants are being served." *Id.*

> Additionally, in their motion, Plaintiffs assert that, on April 3, 2023,
>
> a grand jury in this District issued an indictment charging Daedone and Cherwitz
> with forced labor conspiracy, in violation of 18 U.S.C. § 1594. *See* ECF No. 1,
> *U.S. v. Cherwitz and Daedone*, No. 23-CR-146 (DG) (E.D.N.Y. Apr. 3, 2023 (the
> "Indictment"). The indictment describes how Daedone and Cherwitz together with
> others "collected sensitive information about the OneTaste members, including but
> not limited to information pertaining to the OneTaste members' prior trauma,
> sexual histories and relationships, as a means of influencing and controlling the
> OneTaste members." The federal criminal investigation uncovered a conspiracy to
> engage in labor trafficking. *Id.* ¶¶ 65. Trial in this Court is scheduled for January,
> 2025.

*Id.* at 6.  Plaintiffs add that "[i]n light of the sensitive and often shocking evidence of sexual

predation, the Government and the Court took steps to protect the identities of the victims during

the criminal proceedings," including describing the victims only by their role (*e.g.*, "OneTaste

members," or "Individual #") and entering a "stipulated protective order prohibiting public

disclosure of victim-identifying information and highly sensitive discovery materials." *Id.* at 7.

At bottom, Plaintiffs assert that the Court should enter a protective order "without prejudice

to Defendants' rights to object to the order once they have appeared." *Id.* at 16.  Plaintiffs point

to a similar order in *Lawson v. Rubin*, where the Court granted the plaintiffs' motion to proceed

under pseudonyms, early in the litigation, "but noted that because defendants did not have an

opportunity to respond to that motion, it would reconsider the order *de novo* if defendants or an

interested party objected within 14 days." *Lawson v. Rubin*, No. 17-CV-6404 (BMC) (SMG)

("*Lawson*"), 2019 WL 5291205, at *1 (E.D.N.Y. Oct. 18, 2019); *see also Lawson*, ECF No. 7,

---

[3] Page citations to filings are to the ECF-stamped page numbers unless otherwise stated.

dated November 8, 2017; and *Lawson*, ECF No. 35, dated December 4, 2017.[4]  Plaintiffs also point

to an order in *Doe v. OneTaste, Inc.*, No. 23-CV-10184 (GHW) (S.D.N.Y. Nov. 21, 2023)

("*OneTaste Inc.*"), in which the Court granted the plaintiff's *ex parte* motion for leave to proceed

anonymously in a case involving three of the same defendants here.  *See* Dkt. No. 9-1 at 7.

Plaintiffs also "reserve their rights to file an additional motion for a comprehensive

protective order after the Defendants are served."  *Id.* at 5.

## II.   **Legal Standard**

Federal Rule of Civil Procedure 10(a) requires the title of a complaint to "name all the

parties."  The Second Circuit has recognized that, while it is sometimes appropriate for a litigant

to proceed under a pseudonym, Rule 10(a)'s requirement "serves the vital purpose of facilitating

public scrutiny of judicial proceedings and therefore cannot be set aside lightly."  *Sealed Plaintiff*

*v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008).  "[P]seudonyms are the exception and

not the rule," and a party seeking to "receive the protections of anonymity . . . must make a case

rebutting" the "presumption of disclosure."  *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir.

2020) (per curiam).

When considering a plaintiff's request to proceed anonymously, courts in this Circuit

balance "the plaintiff's interest in anonymity . . . against both the public interest in disclosure and

any prejudice to the defendant."  *Sealed Plaintiff*, 537 F.3d at 189.  The Second Circuit has set

forth a non-exhaustive list of ten factors to guide courts in balancing these interests.  *Id.* at 189-90.

Specifically, courts should consider whether:

> (1)   "the litigation involves matters that are highly sensitive and [of a]
>       personal nature";

---

[4] The Court later granted defendants' motion for reconsideration to vacate sealing after the parties "have concluded discovery and are proceeding to trial."  *Lawson*, 2019 WL 5291205, at *1.

(2)     "identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties";

(3)     "identification presents other harms and the likely severity of those harms . . . including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity";

(4)     "the plaintiff is particularly vulnerable to the possible harms of disclosure . . . particularly in light of his age";

(5)     "the suit is challenging the actions of the government or that of private parties";

(6)     "the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court";

(7)     "the plaintiff's identify has thus far been kept confidential";

(8)     "the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity";

(9)     "because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities"; and

(10)    "there are any alternative mechanisms for protecting the confidentiality of the plaintiff."

*Id.* at 190 (internal quotations and citations omitted).  A district court is not required to analyze each of the factors or "use any particular formulation" provided that it "balance[s] the interests at stake." *Id.* at 191 n.4.

III.    **Discussion**

In arguing that they should be permitted to proceed anonymously in this case, Plaintiffs stress that Doe Plaintiffs' claims are highly sensitive and personal insofar as they allege that they are victims of sex trafficking, forced labor, and human trafficking.  Dkt. No. 9-1 at 5.  Doe Plaintiffs also accuse Defendants of retaliating against people who speak out against OneTaste,

6

and they fear that Defendants could publicly release their personally sensitive information.  *Id.* at

6.  Doe Plaintiffs add that they are traumatized by their experiences at OneTaste and that this

trauma will be exacerbated by the public disclosure of their identities.  *Id.* at 6-7.  Doe Plaintiffs

argue that Defendants will not be prejudiced by the Court granting their motion because "[u]nder

Plaintiffs' proposed Order, Defendants will know the real identities of the Doe Plaintiffs and the

parties need only substitute their Doe pseudonyms for their real names and/or redact identifying

information from documents filed in the case." *Id.* at 12-13.  Indeed, in urging this Court to adopt

the procedure set forth in *Lawson*, Doe Plaintiffs state that "[e]ach Defendant will [] be advised of

the true identities of the Doe Plaintiffs (subject to compliance with the protective order)" once

Defendants appear in this case through counsel.  *Id.* at 16-17.

      Balancing the *Sealed Plaintiff* factors and "weighing [Doe Plaintiffs'] interest in

proceeding anonymously against the interests of [D]efendants and the public," *Sealed Plaintiff*,

537 F.3d at 191, the Court finds that, at this stage in the proceedings, and consistent with *Larson*

and *OneTaste Inc.*, Plaintiffs have provided sufficient justification to overcome the presumption

of openness in judicial proceedings.

      The first *Sealed Plaintiff* factor weighs most heavily in favor of granting Plaintiffs' motion.

The first *Sealed Plaintiff* factor considers whether the "litigation involves highly sensitive and

personal allegations." *Sealed Plaintiff*, 537 F.3d at 190.  Allegations of sex trafficking and sexual

assault involve highly sensitive matters of a personal nature and thus favor a plaintiff's use of a

pseudonym.  *See Doe 1 v. United States*, No. 24-CV-1071 (MKV), 2024 WL 1885188, at \*2

(S.D.N.Y. Apr. 30, 2024) (holding that lawsuit brought by alleged sex trafficking victims involved

highly sensitive matters of a personal nature); *see also Rapp v. Fowler*, 537 F. Supp. 3d 521, 528

(S.D.N.Y. 2021) ("Allegations of sexual assault are 'paradigmatic example[s]' of highly sensitive

and personal claims and thus favor a plaintiff's use of a pseudonym." (alteration in original) (citation omitted)); *Doe v. McLellan*, No. 20-CV-5997 (GRB) (AYS), 2020 WL 7321377, at *2 (E.D.N.Y. Dec. 10, 2020) (finding allegations of sexual assault highly personal); *Doe v. Weinstein*, 484 F. Supp. 3d 90, 94 (S.D.N.Y. 2020) (same).

But this factor alone is not dispositive. As other courts in this Circuit have explained, sexual abuse, and related allegations, "by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym." *Doe 1*, 2024 WL 1885188, at *2 (citation omitted); *McLellan*, 2020 WL 7321377, at *2 (same). As a result, courts have denied motions to proceed anonymously brought by plaintiffs alleging similar claims to those alleged by Plaintiffs in this case. *See, e.g.*, *Doe 1*, 2024 WL 1885188, at *2 (denying motion brought by alleged sex trafficking victims); *Weinstein*, 484 F. Supp. 3d at 98  (denying motion brought by alleged sexual assault victim asserting a claim under the TVPA); *see also McLellan*, 2020 WL 7321377, at *4 (denying motion brought by alleged sexual assault victim); *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 405 (S.D.N.Y. 2019) (denying motion despite finding that plaintiff's allegations of sexual assault were "highly sensitive and of an extremely personal nature").

Nonetheless, the first *Sealed Plaintiff* factor strongly weighs in favor of granting Plaintiffs' motion because their complaint contains allegations of sex trafficking and sexual assault. *See* Dkt. No. 1 ¶¶ 1, 95, 112;  *Grottano v. The City of New York*, No. 15-CV-9242 (RMB) (KNF), 2016 WL 2604803, at *2 (S.D.N.Y. Mar. 30, 2016) ("[C]ourts have granted anonymity to protect against disclosure of a wide range of issues involving matters of the utmost intimacy, including sexual assault."). The other factors that are most relevant here—particularly whether Defendants will be prejudiced, whether the public's interest in the litigation is furthered by requiring Plaintiffs to disclose their identities, and whether there are alternative mechanisms for protecting Plaintiffs'

confidentiality—do not, at this stage, outweigh Plaintiffs' interest in anonymity in light of the sensitive nature of the allegations in the complaint.

For these reasons, Plaintiffs' motion for a protective order is granted subject to further review by the Court at subsequent stages of the litigation, if necessary.  Indeed, given that Defendants have not had an opportunity to oppose this motion, the Court reserves its right to reconsider this Order if it receives objections within 30 days of Defendants being served with the Summons and Complaint.

Moreover, "Defendants may move to revisit the issue of Plaintiffs' anonymity before the case proceeds to trial."  *Grottano*, 2016 WL 2604803, at *3; *see also Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006) ("[T]he restrictions contained in this order only apply to the discovery period and may be reconsidered if this case goes to trial.").

## IV.  Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion for a protective order. Within **3** days of Defendants' appearance in this case, Plaintiffs shall advise Defendants' counsel of the identities of Doe Plaintiffs.  Defendants are ordered not to publicly identify Doe Plaintiffs by their real names in filed documents or elsewhere.

Plaintiffs are directed to serve a copy of this Order on Defendants, along with the Summons and Complaint, by **September 4, 2024**.  In the meantime, and going forward in the absence of a stay of this Order, Plaintiffs may use pseudonyms for Doe Plaintiffs in the present case caption and in all public Court filings.

After Defendants are served and appear in this action, the Court will also consider whether any application to stay this civil action pending the outcome of the underlying criminal case is warranted.

Dated:       Brooklyn, New York
              August 22, 2024.        **SO ORDERED.**

                              */s/ Joseph A. Marutollo*
                              JOSEPH A. MARUTOLLO
                              United States Magistrate Judge