# KOHN, SWIFT & GRAF, P.C.

1600 MARKET STREET, SUITE 2500
PHILADELPHIA, PENNSYLVANIA 19103-7225

JOSEPH C. KOHN
ROBERT A. SWIFT
ROBERT J. LaROCCA †
DOUGLAS A. ABRAHAMS
WILLIAM E. HOESE
ZAHRA R. DEAN ✣
AARTHI MANOHAR

(215) 238-1700
TELECOPIER (215) 238-1968
FIRM E-MAIL: info@kohnswift.com
WEB SITE: www.kohnswift.com

HAROLD E. KOHN
1914-1999
BAYARD M. GRAF
1926-2015

OF COUNSEL
GEORGE W. CRONER
CARY FLEISHER
LISA PALFY KOHN

† ALSO ADMITTED IN NEW YORK
✣ ONLY ADMITTED IN NEW YORK

February 12, 2026

**VIA ECF**

The Honorable Magistrate Judge Seth D. Eichenholtz
United States District Court
  Eastern District of New York
225 Cadman Plaza
East Brooklyn, New York 11201

      Re:   *Jane Doe, et al. v. Nicole Daedone, et al.*, No. 1:24-cv-4434:
              <u>Status Report and Reply to Defendants' Submission on Sentencings</u>

Dear Judge Eichenholtz:

      Pursuant to the Court's February 3, 2026 Order, Plaintiffs write to inform the Court that the sentencings in the criminal case have been continued until Monday, March 30, 2026. Ms. Daedone's sentencing will take place at 10 a.m. and Ms. Cherwitz's sentencing is scheduled for 2 p.m. that same day.

      Additionally, although a routine status report as to scheduling is no place to preview argument, to the extent Defendants have opened that door with their February 2, 2026 submission [Dkt. 32], Plaintiffs respond.

      Judge Gujarati's January 22, 2026 decision [Dkt. 32-1], denies restitution awards to non-testifying witnesses in the criminal case and relates only to the Chapter 77 offense of forced labor conspiracy. Judge Gujarati reasoned that testifying witnesses qualified as "victims" under 18 U.S.C. § 1593 and 18 U.S.C. § 3771 only for the purpose of awarding restitution because their testimony directly supported their victim status. But the judge left open the possibility that non-testifying witnesses could have been characterized as victims had additional evidence been adduced as to their victim status, such as "affidavits that might serve to establish that a particular individual is in fact a victim for purposes of the relevant statutory provisions." Dkt. 32-1 at 3.

      The decision is extremely narrow and is simply not germane to this case, particularly at this juncture. Defendants' attempt at superimposing it here to establish that the civil Plaintiffs are not "victims" is misguided. The civil complaint alleges perpetrator and beneficiary liability theories under 18 U.S.C. 1595(a) for various trafficking offenses. Plaintiffs have substantially

stated their claims and are prepared to defend them vigorously. Should Defendants believe Judge Gujarati's decision is relevant, there will be an appropriate time and place to introduce it.

                                      Respectfully submitted,

                                      Aarthi Manohar

                                      *Counsel for Plaintiffs*

cc:     All Counsel of Record (via ECF)